## UNION PACKING CO. v. CARIBOO LAND & CATTLE CO., Limited.

### No. 12703.

United States Court of Appeals Ninth Circuit.

Sept. 24, 1951.

Rehearing Denied Oct. 23, 1951.

Benjamin W. Shipman, Los Angeles, Cal., for appellant.

Frederick W. Mahl, Jr., Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

PER CURIAM.

Under competent evidence the trial court found that certain conversations between parties together with their acts constituted a firm contract between them for the purchase and sale of live stock.

The trial court also found, from competent evidence, that, although the contract was oral and involved value of five hundred dollars or more, the expenditure of large sums of money by plaintiff-appellee in the course of executing the contract deprived defendant-appellant of the right to benefit under the California statutes of fraud.

The California fraud statutes cover contracts of the nature here concerned and provide against enforcement thereof if they involve value of $500 and upwards unless some memorandum thereof is in writing. Sections 1624a and 1724, Civil Code of

---

California, and Section 1973a, Code of Civil Procedure of California.

Under California law, which rules this case, expenditures in these circumstances create an equitable estoppel against application of the statute of frauds. This principle is well set out in the leading case of Seymour v. Oelrichs, 1909, 156 Cal. 782, 106 P. 88. See also Flint v. Giguiere, 1920, 50 Cal.App. 314, 195 P. 85.

We are unable to see anything contrary to these principles in our case of E. K. Wood Lumber Co. v. Moore Mill & Lumber Co., 9 Cir., 1938, 97 F.2d 402.

Detailed recitation of the facts would be of little or no assistance to anyone. There appear to be some inconsistencies in the Findings of Fact and Conclusions of Law, but they do not require reversal.

Judgment affirmed.